**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DANIELLE TAYLOR,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| **v.** | |
| **LAW SCHOOL ADMISSION COUNCIL, INC.** | **NO.  25-1312** |
| **Defendant.** | |

<u>**MEMORANDUM OPINION**</u>

Law schools throughout the United States have historically required prospective students to take the Law School Admissions Test (the "LSAT")—a standardized test developed by Defendant Law School Admission Council ("LSAC")—and to submit the score they achieved thereon as part of their applications.  Pursuant to LSAC policy (the "Score Reporting Policy"), an applicant's LSAT score is reportable to law schools "for up to five testing years after the testing year in which the score is earned."  After that period, the score expires, and individuals must re-take the exam to submit a valid result.

Plaintiff Danielle Taylor, who is proceeding *pro se*, contacted LSAC in September 2024 about the status of an LSAT score that she "earned several years ago."  LSAC, citing the Score Reporting Policy, informed her that the result in question had expired.  Undeterred, Taylor sought a waiver of the Score Reporting Policy, explaining that she had been "experiencing severe emotional distress" for many years.  She then proposed a number of alternatives in an effort to avoid re-taking the exam, which included: (1) recertifying her score through a writing sample; (2) "attend[ing] a course similar to how practicing attorneys complete [Continuing Legal Education seminars] to maintain bar status"; and, (3) virtually anything "else [she] could do" short of sitting for the LSAT again.  But LSAC refused those requests—a resolution that Taylor

described as "demoralizing and extremely stressful."

Taylor subsequently brought the above-captioned action in which she alleges that LSAC discriminated against her and failed to make reasonable accommodations for her disabilities in violation of the Americans with Disabilities Act (the "ADA"), *see* 42 U.S.C. §§ 12182, 12189. She also raises a negligence claim under Pennsylvania law.  LSAC now moves to dismiss Taylor's Complaint in its entirety for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  When analyzing a motion to dismiss, the complaint must be construed "in the light most favorable to the plaintiff," with the question being "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). (citation omitted).  Legal conclusions are disregarded, well-pleaded facts are taken as true, and a determination is made as to whether those facts state a "plausible claim for relief."  *Id*. at 210-11 (citation omitted).  In so doing, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

As Taylor is proceeding *pro se*, her allegations must be construed liberally at this stage.

*See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The "relevant legal principle" therefore will be applied "even when the complaint has failed to name it."  *Id.*  "Missing details or superfluous material" similarly do not render a *pro se* complaint "unintelligible."  *Garrett v. Wexford Health*, 938 F.3d 69, 93-94 (3d Cir. 2019).  Indeed, even if it is "vague, repetitious, or contains extraneous information," a *pro se* complaint's language will ordinarily be "plain" in satisfaction of Rule 8 "if it presents cognizable legal claims to which a defendant can respond on the merits."  *Id.* (citations omitted).

Here, LSAC first asserts that Taylor's ADA claims must fail because she has not plausibly alleged that she is disabled within the meaning of the statute—a precondition for her discrimination and failure to make reasonable accommodations claims.  *See Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020) (disability discrimination); *Capps v. Mondelez Global, LLC*, 847 F.3d 144, 157 (3d Cir. 2017) (failure to make reasonable accommodations).  The ADA defines a "disability" in one of three ways: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(1); *see also Eshleman*, 961 F.3d at 245.  For purposes of subsection (A), "major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."  *Id.* § 12101(2)(A).

Liberally construing the Complaint, Taylor's allegations fall within the first statutory definition of disability—that she has "a physical or mental impairment that substantially limits one or more major life activities," *see* 42 U.S.C. § 12102(1)(A)—as she avers that she has been

"experiencing severe emotional distress" for many years and that her "ability to use vocal speech is impaired to the point of needing to conversate in writing or meet in-person." *Cf. Morgan v. Allison Crane & Rigging LLC*, 114 F.4th 214, 221-33 (3d Cir. 2024) (describing recent amendments to the ADA regarding the first statutory definition of disability). However, without more, that allegation does not plausibly state a claim of disability under the ADA. That is because mere allegations that Taylor "lives with an injury, illness or impairment without alleging that the impairment *substantially limits* a major life activity creates a defect" in her Complaint. *See Karipidis v. ACE Gaming LLC*, 2010 WL 2521209, at *8 (D.N.J. June 9, 2010) (emphasis added); *Sally-Harriet v. N. Child. Servs.*, 2019 WL 1384275, at *5 (E.D. Pa. Mar. 26, 2019) ("Plaintiff's Amended Complaint alleges that her abdominal issues, stomach issues, gastrointestinal issues, and gallbladder issues, have 'at times, limited her ability to perform some daily life activities, including but not limited to working, sleeping, bending, walking, breathing, controlling bowel movements, and performing manual tasks (among other activities).' All of these activities constitute major life activities. However, Plaintiff does not include any facts explaining *how* these activities are limited, let alone, how they are *substantially limited*, which she is required to do." (emphases added)).

To be sure, Taylor need not have gone "into particulars about the life activity affected by her alleged disability or detail the nature of her substantial limitations" at the pleading stage. *Fowler*, 578 F.3d at 213. That said, her allegations must have contained "sufficient factual support" for her purported substantial limitations through, for instance, a brief description of the "frequency, duration, or severity of his or her limitations." *Stevens v. Philly Liv Bacon LLC*, 2025 WL 1094166, at *4 (E.D. Pa. Apr. 11, 2025) (citations omitted). And although Plaintiff now attempts to beef up her allegations by providing additional factual support in her opposition

brief, it is "axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc*., 836 F.2d 173, 181 (3d Cir. 1988) (citation omitted). Accordingly, her ADA claims shall be dismissed without prejudice.

LSAC asserts that Taylor's negligence claim should meet a similar fate. To state a claim for negligence under Pennsylvania law, which both Parties agree applies here, a plaintiff must allege:

> (1) a duty or obligation recognized by the law that requires an actor to conform his actions to a standard of conduct for the protection of others against unreasonable risks; (2) failure on the part of the defendant to conform to that standard of conduct, *i.e*., a breach of duty; (3) a reasonably close causal connection between the breach of duty and the injury sustained; and (4) actual loss or damages that result from the breach.

*Gutteridge v. A.P. Green Servs., Inc*., 804 A.2d 643, 654 (Pa. Super. 2002) (citing *Ney v. Axelrod*, 723 A.2d 719, 721 (Pa. Super. 1999)).

Here, Taylor alleges that "LSAC has a special duty to ensure administration [of the LSAT] is conducted fairly and without discrimination." LSAC breached that "special duty," argues Taylor, by failing to "consider or participate in a reasonable accommodations process" for the Score Reporting Policy. Taylor does not identify any source for this alleged duty in the Complaint, however, and the "assertion that a duty exists cannot simply be taken at face value." *Burns v. SeaWorld Parks & Ent., Inc.*, 675 F. Supp.3d 532, 548 (E.D. Pa. 2023).

Taylor's negligence claim should fail for that reason alone. Nonetheless, because she is proceeding *pro se*, the Court is required to liberally construe her allegations and apply any relevant legal principles—"even when the complaint has failed to name it." *Vogt*, 8 F.4th at 185. To that end, a broad reading of Taylor's allegations suggests that she is pursuing a negligence *per se* claim based on LSAC's alleged violations of the ADA. Negligence *per se* is "conduct,

whether of action or omission, which may be declared and treated as negligence without any argument or proof as to the particular surrounding circumstances." *Mahan v. Am-Gard, Inc*., 841 A.2d 1052, 1059 (Pa. Super. 2003). "Pennsylvania recognizes that a violation of a statute or ordinance may serve as the basis" for such a claim. *Id*. But even assuming that the ADA could underpin Taylor's negligence *per se* claim—an assumption that is questionable at best given that "several Courts in this Circuit have found that statutes like the ADA cannot serve as the basis of a negligence action seeking civil remedies because that statute was promulgated to combat discrimination and was not designed to protect those with disabilities . . . from personal injuries," *Wartluft v. Milton Hershey Sch. & Sch. Tr.*, 400 F. Supp.3d 91, 113 (M.D. Pa. 2019) (collecting cases)—Taylor has, for the foregoing reasons, failed to state any plausible claims under the ADA. And she will not be permitted to "back door an unsubstantiated ADA claim as negligence *per se*." *Id*.; *see also Reese v. Pook & Pook, LLC*, 158 F. Supp.3d 271, 291 (E.D. Pa. 2016) ("Whatever duty [Defendants] owed to [Plaintiffs] to refrain from publishing information that would constitute commercial disparagement or paint them in a false light is necessarily coterminous with the duty owed to refrain from committing the underlying torts. My findings that [Plaintiffs] have failed to allege plausible claims for those torts foreclose their ability to proceed on a negligence theory since these are the sources for any purported duty."). Accordingly, Taylor's negligence *per se* claim shall be dismissed without prejudice.

An appropriate order follows.

**BY THE COURT:**


_____S/ WENDY BEETLESTON_____

**WENDY BEETLESTONE, J.**

6